# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| SAMUEL TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:10-CV-316 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Samuel Taylor on August 6, 2010. For the reasons set forth below, the petition (DE # 1) is **DENIED**.

BACKGROUND

Samuel Taylor, a *pro se* prisoner, filed this habeas corpus petition challenging the prison disciplinary proceeding (WCC 09-12-131) held at the Westville Correctional Facility Disciplinary Hearing Body (DHB) on December 17, 2009. Taylor was found guilty of possessing a deadly weapon in violation of A-106. He was punished with the loss of 30 days earned credit time and demoted from credit class I to credit class II.

DISCUSSION

In his petition, Taylor lists seven grounds. First he argues that he was not given a copy of the disciplinary hearing report. "Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs v. Jordan*, 485 F.3d. 934, 941 (7th Cir. 2007) (quotation marks and citations omitted). Nevertheless, due process does not specify exactly when the written statement must be provided. Though it is unclear exactly when Taylor obtained a copy of the disciplinary hearing report, it is clear that he had it by the time that he filed his appeal to the facility head because he made reference to its contents in his four page appeal. (DE # 1 at 9). Thus, Taylor suffered no injury even if his receipt of the report was delayed.

Second, Taylor argues that the reason given on the disciplinary hearing report for finding him guilty is factually inconsistent with the conduct report. The disciplinary hearing report states "Guilty - C/R supports charge of poss. of a deadly weapon found in his property box." (DE # 9-6). The conduct report states that the weapon was found in a book on his property box. This is a distinction without a difference. Taylor was charged with possessing a weapon and he was found guilty of possessing a weapon. The prison rules prohibit possessing weapons. They do not

conditionalize the possession of weapons based on whether they are "in" or "on" the property box.

Third, Taylor argues that the officer who confiscated his weapon did not issue him a confiscation receipt as required by prison rules. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, in this proceeding, it is not relevant whether the prison violated a rule requiring the issuance of a confiscation receipt.

Fourth, Taylor argues that the officer who notified him about the disciplinary hearing and issued the screening report was also a member of the disciplinary hearing body. It is unnecessary in this case to decide whether that matters because it did not happen. The screening officer was D. L. Dombrowsky (DE # 9-2). The sole member of the disciplinary hearing body was Pam Antisdal (DE # 9-6). Though Dombrowsky is identified as a "Board Member" on the video review form (DE 9-3), the hearing report makes clear that Dombrowsky was not a board member. Furthermore, it is not relevant that the video was reviewed by a non-board member because prison disciplinary bodies are not limited to direct evidence. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (Even a conduct report alone can provide sufficient evidence to support a finding of guilt.)

Fifth, Taylor argues that the finding of guilt is invalid because only one person signed the disciplinary hearing report. As previously noted, there was only one member of the DHB, therefore there no other signatures were possible. *Wolff v. McDonnell*, 418 U.S. 539, 550 (1974), does not require a multi-member board and it was not a due process violation to have a one member board in this case.

Sixth, Taylor argues that his due process rights were violated when he was not permitted to see the confidential internal affairs investigation report. This is not a basis for habeas corpus relief because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Therefore withholding the report did not violate due process.

Seventh, Taylor argues that he should receive habeas corpus relief because his hearing was held more than seven days after he was screened. Taylor bases this argument on a prison rule even though the violation of a prison rule is not a basis for habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because there is no federal requirement to hold a prison disciplinary hearing withing seven days, this is not a basis for habeas corpus relief.

4

CONCLUSION

For the reasons set forth above, the petition (DE # 1) is **DENIED**.

DATED:  April 2, 2012                    /s/RUDY LOZANO, Judge
                                         **United States District Court**